WILLIAM F. MEEHAN, Plaintiff-Appellant, v. TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY *et al.*, Defendants-Appellees (Transamerica Occidental Life Insurance Company, Counterplaintiff; WILLIAM F. MEEHAN, *et al.*, Counterdefendants).

Fifth District No. 5—85—0759

Opinion filed October 8, 1986.

Darrell Dunham, of Carbondale, for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (J. Robert Geiman and David J. Novotny, of counsel), for appellee Transamerica Occidental Life Insurance Company.

P. Michael Kimmel, of Gilbert, Kimmel, Huffman & Prosser, Ltd., of Carbondale, for other appellees.

JUSTICE KARNS delivered the opinion of the court:

William F. Meehan appeals from the judgment of the circuit court of Alexander County which denied his request to cancel life insurance policies on his life issued by Transamerica Occidental Life Insurance Company and owned beneficially by his former wife, Constance Miller, the primary beneficiary. Three children of the marriage, secondary beneficiaries, and Dorothy Finley, alleged to have a security interest in one of the policies as a result of a loan to Constance, were joined as defendants to the action and appear here as appellees, as do Miller and Occidental Life.

The life insurance policies in question were purchased by William Meehan while he was married to Constance Miller and after the three children of the marriage were born. On December 17, 1980, Constance was convicted of attempted murder of her spouse, William, and was sentenced to serve six years in the Department of Corrections. Her conviction was affirmed by this court by unpublished order. (*People v. Meehan* (1984), 119 Ill. App. 3d 1176.) Prior to that time, William had made a gift of the policies to Constance, relinquishing all his rights thereunder, and Constance has since paid the premiums on the

policies. Ownership of the policies has since been placed in a trust.

After the conviction of Constance, plaintiff requested Transamerica Occidental to cancel the policies, but it refused to do so. The company has taken a neutral position in this court, in the nature of interpleader, but prays that, if the policies are cancelled, it not be required to return premiums which it has earned and, if the judgment of the trial court is affirmed, the plaintiff be enjoined from instituting any future actions to cancel the policies on account of any alleged prior misconduct of Constance or, if the judgment be reversed, the defendant beneficiaries be enjoined from seeking payment of death benefits should the policies be cancelled.

After the parties entered into a stipulation of fact, motions for summary judgment were filed by all parties. No objection was made to the relief requested by Transamerica Occidental, and its request for injunctive relief was allowed. The matter is now here on plaintiff's appeal, which only questions the trial court's refusal to cancel the policies.

■■ ■ This appears to be a matter of first impression. The parties advise us that no case can be found in any jurisdiction dealing with the precise question before us; however, two matters tangential to the question before us are settled. A dissolution of marriage does not terminate the insurable interest of a spouse on the life of the former spouse (*Speroni v. Speroni* (1950), 406 Ill. 28, 92 N.E.2d 63); and a beneficiary who murders the insured may not recover the proceeds of a life insurance policy (*State Farm Life Insurance Co. v. Smith* (1977), 66 Ill. 2d 591, 363 N.E.2d 785).

Plaintiff argues that the question before us is one of public policy and that "[p]eople who have no interest in seeing that the insured continue to live should not be permitted to have a policy insuring his life, such policies encourage illegal actions and turn life insurance into speculative, sporting ventures." Plaintiff has cited textbook authority suggesting that an insured should be able to cancel a policy on his life if he presents evidence that his life was endangered by a continuation of a policy. However, this is not the case before us, as no proof was presented of any present conspiracy to take plaintiff's life or any actual danger because of the existence of the policies, and the trial court so found as a finding of fact. Plaintiff would have us assume that because Constance once attempted to take his life there is an unreasonable risk to plaintiff that she will do so again.

■■ We think policy considerations, rather than being supportive of plaintiff's position, argue against it. Here the former wife has been convicted of attempted murder and been punished. It seems to us an

unwarranted assumption, one that runs counter to the presumed rehabilitative value of the sanctions imposed under the criminal code for conviction of criminal behavior, that because the former wife once attempted to murder her former spouse that she would do so again. Furthermore, if she succeeded in so doing she could not recover the policy benefits, and this would seem to furnish adequate reason why she would not do so.

The precedent plaintiff asks to set could have application to other situations besides life insurance policies where, as plaintiff argues, someone might benefit from another's death. Beneficiaries under a will may benefit financially from the death of the testator, as could remaindermen from the death of the life tenant, as that event accelerates their enjoyment of the property.

The potential for litigation would be disruptive of the stability of life insurance contracts, something not to be encouraged. Cancellation of the policies would also destroy the interest of the contingent beneficiaries against whom no allegation of wrongdoing is made.

The judgment of the circuit court of Alexander County is affirmed.

Affirmed.

HARRISON and WELCH, JJ., concur.